### ACKERSON ET AL. V. VAN VLECK ET AL.

1. **Highway:** DEFECTIVE RECORD: RESURVEY: PAROL TO CONTRADICT PARTIAL RECORD. Where all the papers relating to the establishment of a road, except the minutes of the board of supervisors establishing the road, with a plat annexed, and the road plat-book of the county, were lost, a resurvey was properly ordered, under § 964 of the Code. And, although the supervisors' minutes in regard to the original establishment of the road recited that it was established on the section line, and the road plat-book of the county was in accord therewith, yet parol testimony was admissible to show that the original survey diverged from that line, and that it was so understood by the public and the road supervisors of the district, and that the road actually traveled and worked was not on the section line. And such evidence being conclusive, and the line designated by the resurvey being in accord therewith, that line was properly adopted by the supervisors as the established line of the road.

*Appeal from Butler Circuit Court.*

FRIDAY, JUNE 17.

THIS is a proceeding by *certiorari*, brought by the plaint-
iffs against the defendants, who are members of the board of
supervisors of Butler county, for a review of the action of
said board in the matter of the resurvey of a public road.
The circuit court denied the relief prayed in the petition,
and approved the action of the board. Plaintiffs appeal.

*Hemenway & Grundy*, for appellants.

*Courtright & Edwards*, for appellees.

ROTHROCK, J.—Section 964 of the Code is as follows:
"When by reason of the loss or destruction of the field-
notes of the original survey, or in cases of defective surveys
or record, or in cases of such numerous alterations of any
highway, since the original. survey, that its location cannot
be accurately defined by the papers on file in the proper
office, the board of supervisors of the proper county may,
if they deem it necessary, cause such highway to be resur-
veyed, platted and recorded as hereinafter provided."
The road in question was established by the order of the
board of supervisors in the year 1868. It appears that the
field-notes of the original survey of the road, and the report
of the commissioners, and all the papers pertaining to the
establishment of the road, are lost. There can be no ques-
tion that in this state of the record the board of supervisors
had jurisdiction to order a resurvey. The very language of
the statute above cited, and under which the proceedings
were had, authorizes a resurvey in such cases.
The point of dispute between the parties is whether the
road in question was located upon a certain section line.
The plaintiffs claim that it was so located, and the defendants
claim that the line as established by the original proceedings
diverged from the section line. The final order made by the
board in the original proceedings was in these words: "Orlen
Royce and others having presented their petition at the June
term of this board, 1868, asking that a commissioner be

appointed to view, and, if expedient, to locate, a public road, commencing at the N. W. corner of section 27, township 90, range 16, thence east four miles to the N. W. corner section 29–90–15; and said commissioner having been appointed by the board, and having performed said duty, and made his report in favor of the establishment of said road; and the present term of the board being the time set for final hearing of said matter; the board being satisfied that the conditions of the law in regard to the establishment of roads have been complied with, and that the road is needed as a public highway,—it is ordered by the board that said road, as herein described, be established, recorded, and opened as a public highway." Appended to the record of this order there is a plat, which shows the road to be upon the section line, and the road plat-book of the county is in accord with the plat attached to the order.

The report of the resurvey shows quite conclusively that the original survey was not made on the section line; and oral evidence was introduced, which shows conclusively that the original survey diverged from the section line, and that it was so understood by the public and the road supervisors of the district. The road was worked by the road supervisors on that line, and the public traveled thereon.

The appellants claim that the final order, as recorded, cannot be contradicted by a resurvey and by parol evidence. But the evidence, as we understand it, was not introduced for the purpose of contradicting the record. Its object was to supply the lost records. The plat and field-notes of the surveyor, and the report of the commissioner, were as much a part of the record, when the original proceedings were had, as the order made by the board of supervisors. (Revision 1860, § 838.) Now, the evidence is conclusive that the original survey, plat and field-notes located the road on the same line as the resurvey. When this was made manifest, there was a question of a defective record presented to the board, which it was the duty of that tribunal to determine; and we

think they rightly decided that the resurvey correctly described the line as originally established.

The judgment of the court below must be

AFFIRMED.